UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DARRELL CONNERS,<br><br>                              Plaintiff,<br>      v.<br>JERRY HOWELL, et al.,<br>                             Defendants. | Case No. 2:20-cv-02111-GMN-DJA<br><br>ORDER |

**I.    DISCUSSION**

        This action began with an application to proceed *in forma pauperis* and a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a state prisoner. (ECF No. 1, 1-1.) On June 30, 2021, the Court issued an order dismissing Plaintiff's complaint with leave to amend and directed Plaintiff to file an amended complaint within thirty days. (ECF No. 5.) The thirty-day period has now expired, and Plaintiff has not filed an amended complaint or otherwise responded to the Court's order.

        Plaintiff's application to proceed *in forma pauperis* is granted. (ECF No. 1). Based on the information regarding Plaintiff's financial status, the Court finds that Plaintiff is not able to pay an initial installment payment toward the full filing fee pursuant to 28 U.S.C. § 1915. Plaintiff will, however, be required to make monthly payments toward the full $350.00 filing fee when he has funds available.

        District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring amendment of

complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal.  The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.  *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.  The Court's order requiring Plaintiff to file an amended complaint within thirty days expressly stated: "It is further ordered that, if Plaintiff chooses not to file an amended complaint curing the stated deficiencies of the complaint, this action will be dismissed with prejudice for failure to state a claim." (ECF No. 5 at 8.)  Thus, Plaintiff had

///

adequate warning that dismissal would result from his noncompliance with the Court's order to file an amended complaint within thirty days.

## II. CONCLUSION

It is therefore ordered that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is granted. Plaintiff shall not be required to pay an initial installment of the filing fee. In the event that this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

It is further ordered that the movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

It is further ordered that Pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, the Nevada Department of Corrections will forward payments from the account of **Darrell Conners, #1100157** to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk of the Court will send a copy of this order to the Finance Division of the Clerk's Office. The Clerk will send a copy of this order to the attention of Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

It is further ordered that this action is dismissed with prejudice based on Plaintiff's failure to file an amended complaint in compliance with this Court's June 30, 2021, order.

It is further ordered that the Clerk of Court shall enter judgment accordingly.

DATED THIS 19 day of August 2021.

Gloria M. Navarro, Judge
United States District Court